# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

BORO BUZDUM,

     Plaintiff,

     v.                          Case No. 06-C-0159

VILLAGE OF GERMANTOWN,
THOMAS SCHREIHART and
MICHAEL SNOW,

     Defendants.

# DECISION AND ORDER
# ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The plaintiff filed this action on February 6, 2006, pursuant to 42 U.S.C. § 1983, alleging that the Village of Germantown's ordinances and zoning regulations governing adult entertainment are unconstitutional. The plaintiff has filed a motion for partial summary judgment. (Docket #24). Subsequently, he filed a motion for summary judgment. (Docket #53). In his motion for partial summary judgment, the plaintiff seeks summary judgment as to liability solely on his claim that the total prohibition on nudity and semi-nudity in liquor-licensed establishments set forth in former Village Ordinance § 12.02(7)(i) was unconstitutional. This motion is fully briefed and will be addressed herein. The plaintiff's remaining motion for summary judgment will be addressed in a separate decision.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); McNeal v. Macht, 763 F.Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that under the applicable substantive law "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. The burden of showing the needlessness of a trial – (1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law – is upon the movant. In determining whether a genuine issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. Anderson, 477 U.S. at 267; see also, Celotex Corp., 477 U.S. at 324; Fed. R. Civ. P. 56(e). "Rule 56(c) mandates the entry of summary judgment, . . . upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322 (emphasis added).

### RELEVANT UNDISPUTED FACTS[1]

Since 2001, the plaintiff has operated a licensed tavern known as Diamond's Pub and Grill at W 188 N 10515 Maple Road in Germantown, Washington County, Wisconsin. In August, 2005, the plaintiff decided that he would begin offering nude or semi-nude dance

---

[1]As a general matter, unless accompanied by citation, the relevant facts are taken from the parties' proposed findings of fact which are not disputed.

- 2 -

entertainment for the customers at his tavern. The plaintiff learned that he could not lawfully do so based on Village of Germantown ordinances in effect at that time.

According to the terms of the Village's sexually oriented business ordinance, such business is defined as including an "adult cabaret" which "means a nightclub, bar, restaurant, café or similar establishment" that "regularly, commonly, habitually, or consistently" features "persons who appear in a state of nudity or semi nudity. . .." (Village of Germantown Code of Ordinances [Ordinance], §§ 12.24[2][b][1]). If a business meets this definition, it needs to obtain a sexually oriented business license under the village ordinance.

By adopting § 12.24 in 2001, the Village Board sought "to establish reasonable and uniform regulations to prevent the deleterious location and concentration of sexually oriented businesses within the Village." (Ordinance, § 12.24[1][a]). The Village Board considered an extensive array of evidence relating to the deleterious secondary effects associated with sexually oriented businesses, including harmful effects arising from the combination of alcohol consumption and adult establishments, as evidenced by the Findings in § 12.24. The Findings state in relevant part: "Alcohol consumption in adult establishments increases the likelihood of crime, illegal drug use, and illegal sexual activity, and encourages undesirable behavior that is not in the interest of the public health, safety, and welfare." (Ordinance, § 12.24[1][b][18]).

Under § 12.24(21), "[t]he sale, use or consumption of alcohol beverages on the premises of a sexually oriented business is prohibited." Sexually oriented businesses under the ordinance are classified as either live entertainment or non-live entertainment, and an adult cabaret is considered to offer "live entertainment." (Ordinance, § 12.24[3]).

- 3 -

Section 12.24(13) of the Ordinance provides that "sexually oriented businesses" are permitted in any commercial zoning district" subject to certain distance requirements from sensitive uses like churches, educational facilities, parks, residential uses and other sexually oriented businesses. The Village's zoning code does not allow a sexually oriented business as a permitted or a conditional use or as an unclassified or unspecified use within the village limits.

Section 12.02(7)(i) of the Ordinance was part of Chapter 12 of the Village Code governing licenses and permits with regard to intoxicating liquors and fermented malt beverages. Section 12 specifically adopts Chapter 125 of the Wisconsin Chapters relating to the sale of alcohol beverages. <u>See</u> Ordinance, § 12.02(1). Section 12.02(7)(i) read in pertinent part:

> (7)     LICENSE CONDITIONS AND RESTRICTIONS. In addition to the requirements imposed by provisions of the Wisconsin Statutes adopted by reference in sub. (1) of this section, the following conditions and restrictions shall apply to the issuance of licenses or permits pursuant to this section.
>                                    . . .
>
>     (i)     <u>Wearing Apparel</u>. (Am. Ord. #3-96). All persons involved in the operation of any licenses premises under this section whether as licensee, member of the immediate family of the licensee, licensed operator, unlicensed operator under the supervision of the licensee or licensed operator, waiter, waitress, entertainer, dancer or any other employee as well as any other persons on the premises including patrons, frequenters and invitees[2] shall observe the following applicable minimum standards for such licensed premises:
>
>         1.     The costume, uniform or attire of any female shall be of non-transparent material and completely cover the breasts

---

[2]In 1996, § 12.02(7)(i) had been amended to add the language: "as well as other persons on the premises including patrons, frequenters and invitees."

- 4 -

at all times. The lower portion of such costume, uniform or attire must be of non-transparent material and completely cover the mons pubis genitals and the buttocks at all times.

2. The costume, uniform or attire of any male shall be of non-transparent material and must completely cover the pubis area, genitals and buttocks at all times.

Ordinance § 12.02(7)(i).

On January 16, 2006, the plaintiff received a letter with a copy of relevant portions of Village Ordinances §§ 12.02(7) and 12.24 from Jason Gallo, the Village of Germantown planner and zoning administrator. The letter stated that the Village would enforce its ordinance prohibiting nude and semi-nude dancing and its sexually oriented business ordinance by citation, or by revocation of the plaintiff's liquor license or by closing his tavern. The plaintiff has not applied for a license to operate a sexually oriented business.

On February 3, 2006, the plaintiff filed suit, alleging the unconstitutionality of the two ordinances and the zoning scheme as it pertains to sexually oriented business. On February 24, 2006, the plaintiff filed a motion for a preliminary injunction, seeking relief from the prohibition. On March 20, 2006, the Village Board repealed Ordinance § 12.02(7)(i). In response, the plaintiff withdrew his motion for a preliminary injunction.

## ANALYSIS

The plaintiff filed this motion seeking summary judgment as to liability solely on his claim that the total prohibition on nudity and semi-nudity in liquor-license establishments, Ordinance § 12.02(7)(i), is unconstitutional. First, the plaintiff maintains that he has standing to raise a constitutional challenge to § 12.02(7)(i). Second, the plaintiff asserts that his claim has not become moot by the repeal of §12.07(i). Finally, the plaintiff asserts his activity (or,

- 5 -

rather, his contemplated activity) is protected by the First Amendment and that the prohibition of § 12.02(7)(i) is facially overbroad.  He asserts that it is facially overbroad because it neither furthered a substantial interest in preventing secondary effects, nor were its restrictions on free expression no greater than was essential to the furtherance of an interest in reducing secondary effects.

In response, the defendant asserts that the plaintiff's motion for partial summary judgment should be denied for failing to allege and prove legal causation under 42 U.S.C. § 1983 and redressability under the traditional rules of standing.  Specifically, the defendant asserts that no direct causal connection exists between § Section 12.02(7)(i) and the plaintiff not operating a "sexually orientated business" which offers erotic entertainment.  With respect to its assertion that the plaintiff lacks standing, the defendant maintains that a ruling that § 12.02(7)(i) was unconstitutional would not redressed the plaintiff's alleged injury because § 12.24(22) prevents the plaintiff from offering erotic dancing.  The defendant does not address the constitutional arguments set forth in the plaintiff's motion.

In reply, the plaintiff asserts that the village sent him a letter on January 16, 2006, "warning" him that it was important that he comply with "all local regulations listed within the Code."  (Declaration of Boro Buzdum in Support of Plaintiff's Motion for Partial Summary Judgment, Exh. A).  The Village attached to that letter a copy of both § 12.24 and § 12.07 of its ordinances.  Thus, the plaintiff asserts that the letter makes direct reference to § 12.07.[3]

---

[3]By attaching a copy of § 12.02(7)(i) to the letter, the Village effectively threatened its enforcement. Accordingly, the court rejects the defendant's argument that § 12.02(7)(i) was "implicitly repealed" by the enactment of § 12.24.

- 6 -

Although the defendant did not address the merits of the plaintiff's motion, it requested that the court set a briefing schedule if necessary to address the merits. The defendant did not give any indication as to why it could not address both the standing issue and the merits in the same brief. The court declines to set a briefing schedule to address an issue that could have and should have been addressed in the defendant's response brief, alternative to the standing issue.

The plaintiff asserts that by failing to argue the merits, the defendant has tacitly conceded that § 12.02(7)(i) is unconstitutional. The court declines, however, to declare an ordinance (even if it has since been repealed) unconstitutional based on a party's belief that an alternative argument need not be made. Accordingly, the court will first address the standing issue and then address the constitutionality of § 12.02(7)(i).

The doctrine of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." Northeastern Florida Chapter of Associated General Contractors of America v. City of Jacksonville, Fla., 508 U.S. 656, 663 (1993) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555 [1992]). The court of appeals for this circuit has observed that:

> The first element of the standing inquiry that a plaintiff 'must satisfy in this Court is the "case" or "controversy" requirement of Art. III of the United States Constitution.' Secretary of State of Maryland v. J.H. Munson Co., 467 U.S. 947, 955 . . . (1984). The relevant inquiry for a case or controversy is to determine whether a plaintiff has shown an injury to himself that is likely to be redressed by a favorable decision. Simon v. Eastern Kentucky Welfare Rights Organization, 426 U.S. 26, 38 . . . (1976).

South-Suburban Housing Center v. Greater South Suburban Bd. of Realtors, 935 F.2d 868, 878 (7th Cir. 1991); Penny Saver Publications, Inc., v. Village of Hazel Crest, 905 F.2d 150, 154 (7th Cir.1990).

- 7 -

To establish standing, a party must demonstrate three things: (1) "injury in fact," which means an invasion of a legally protected interest that is "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical," (2) a causal relationship between the injury and the challenged conduct, and (3) a likelihood that the injury will be redressed by a favorable decision. <u>Northeastern Florida Chapter of Associated General Contractors of America</u>, 508 U.S. at 663-64.

The defendant asserts that the plaintiff's alleged injury – the inability to offer exotic dancing – will not be redressed by a decision finding § 12.02(7)(i) unconstitutional as § 12.24 also would prohibit the plaintiff's offering of exotic dancing. However, as asserted by the plaintiff, only § 12.02(7)(i) prohibited the plaintiff from presenting even one nude dance show at any time under any circumstances at his tavern. The zoning code, which does not list sexually oriented businesses as a permitted or conditional use anywhere in the Village, would be violated only if the plaintiff were to present exotic dancing regularly. <u>See</u> <u>Schmitty's City Nightmare, LLC v. City of Fond du Lac</u>, 391 F. Supp.2d 745, 756 (E.D. Wis. 2005). Section 12.24 prohibits the serving of alcoholic beverages at an adult cabaret. The plaintiff's tavern would fall under the definition of adult cabaret (and thus be restricted by § 12.24) only if he offered exotic dance "regularly, commonly, habitually, or consistently."

Therefore, the plaintiff has standing to challenge the constitutionality of § 12.02(7)(i).[4] Accordingly, the court will address the constitutionality of § 12.02(7)(i). The Free Speech Clause of the First Amendment made applicable to states and municipalities through the

---

[4]The court also notes that the defendant asserts that the plaintiff fails to establish a <u>prima</u> <u>facie</u> claim under § 1983 because he can not establish that § 12.02(7)(i) was a legal cause of his damages. The defendant's argument fails, however, because the plaintiff can conceivably establish that § 12.02(7)(i) caused him damages.

- 8 -

Fourteenth Amendment, <u>Fiske v. State of Kansas</u>, 274 U.S. 380 (1927), provides that "Congress shall make no law . . . abridging the freedom of speech." U.S. Const. amend. I. Nude dancing is expressive conduct entitled to protection under the First Amendment. <u>See City of Erie v. Pap's A.M.</u>, 529 U.S. 277, 289 (2000) ("[N]ude dancing of the type at issue here is expressive conduct, although . . . it falls only within the outer ambit of the First Amendment's protection."); <u>see</u> <u>also</u>, <u>Schultz v. City of Cumberland</u>, 228 F.3d 831, 839 (7th Cir. 2000).

A plaintiff challenging the constitutionality of an ordinance may do so on its face or as applied. "An 'as applied' challenge requires the plaintiff to show that the ordinance was applied to the plaintiff in an unconstitutional manner." <u>Eggert Group, LLC v. Town of Harrison</u>, 372 F.Supp.2d 1123, 1134 (E.D. Wis. 2005) (citations omitted). An ordinance is facially invalid either because it is unconstitutional "in every conceivable application" or because it is unconstitutionally overbroad. <u>Id.</u> (citing <u>Members of City Council of City of Los Angeles v. Taxpayers for Vincent</u>, 466 U.S. 789, 797 [1984]).

In this case, the plaintiff challenges § 12.02(7)(i) on the basis that it is unconstitutionally overbroad. "The overbreadth doctrine prevents the government from casting a net so wide that its regulation impermissibly burdens speech." <u>Schultz</u>, 228 F.3d at 848. "To avoid chilling the speech of third parties who may be unwilling or unlikely to raise a challenge in their own stead," the doctrine "permits litigants already before the court to challenge a regulation on its face and raise the rights of third parties whose protected expression is prohibited or substantially burdened by the regulation." <u>Id.</u> The Supreme Court has, however, characterized overbreadth as "strong medicine" to be used "sparingly and only as a last resort." <u>Broadrick v. Oklahoma</u>, 413 U.S. 601, 613 (1973). Thus, an ordinance, must be

- 9 -

"substantially" overbroad to warrant invalidation on facial overbreadth grounds.  Id. at 615.

To fulfill the "substantially" overbroad requirement, there must be a "realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court for it to be facially challenged." Taxpayers for Vincent, 466 U.S. at 801.  The court of appeals for this circuit explained that "[w]hen the government restricts speech not associated with harmful secondary effects, then the government cannot be fairly said to be regulating with those secondary effects in mind and the regulation extends beyond its legitimate reach." Schultz, 228 F.3d at 849.

In this case, the ordinance regulates adult entertainment, but is not targeted at the negative secondary effects of adult entertainment.  The ordinance itself does not in any way indicate that it was enacted to limit the secondary effects of adult entertainment.  It does not delineate any secondary effects of adult entertainment.  In addition, the ordinance is not limited to sexually orientated businesses, nor is it limited to frequent or regular nudity.

The ordinance's clothing requirement is similar to or more restrictive than (i.e., more clothing is required) in other ordinances found to be overbroad in this circuit.  Eggert Group, LLC, 372 F. Supp. 2d at 1143; MDK, Inc. v. Village of Grafton, 345 F.Supp.2d 952, 958 (E.D. Wis. 2004).  Additionally, the ordinance's clothing requirement applies to all "persons on the premises including patrons, frequenters and invitees."  Moreover, the ordinance contains no exception for serious artistic, social and political expression.

Although a facial overbreadth challenge will not invalidate an ordinance when a limiting construction is readily available, see Schultz, 228 F.3d at 848, 850, in this case, no such limiting construction is available.  Accordingly, the court concludes that § 12.02(7)(i) is facially

- 10 -

unconstitutional. Therefore, the plaintiff's motion for partial summary judgment will be granted.

## CONCLUSION

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's first motion for partial summary judgment (Docket #24) be and hereby is **granted.**

Dated at Milwaukee, Wisconsin, this 30th day of March, 2007.

BY THE COURT:


___s/ Patricia J. Gorence_____
PATRICIA J. GORENCE
United States Magistrate Judge

Case 2:06-cv-00159-PJG   Filed 03/30/07   Page 11 of 11   Document 96