**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

BORO BUZDUM,

    Plaintiff,

    v.                                             Case No. 06-C-0159

VILLAGE OF GERMANTOWN,
THOMAS SCHREIHART and
MICHAEL SNOW,

    Defendants.

## DECISION AND ORDER

    The plaintiff filed this civil rights action on February 6, 2006, challenging an ordinance enacted by defendant Village of Germantown. On October 12, 2007, the court issued a decision and order granting in part and denying in part the plaintiff's motion for partial summary judgment. On October 28, 2007, the plaintiff filed a motion to reconsider. (Docket # 98). On December 4, 2007, the plaintiff filed a motion for leave to file a second amended complaint. (Docket # 104). The defendants filed a response to each of the motions and the plaintiff filed a reply.

### MOTION TO RECONSIDER

    In his motion to reconsider, the plaintiff focuses on one aspect of the court's decision and order, contending that the officers went beyond their lawful authority and committed an ad hoc prior restraint in violation of the plaintiff's First Amendment rights. The plaintiff asserts that the court's finding that the actions of defendants Thomas Schreihart and Michael Snow were not an unconstitutional prior restraint "is incompatible with the Court's ruling that the

Village of Germantown Ordinance sec. 12.24 does not apply to occasional sexually explicit performances." (Plaintiff's Motion to Reconsider at 1).

The plaintiff maintains that the Germantown police officers could not have had probable cause to believe that he was operating a "sexually oriented business" without a sexually oriented business license because the April 8, 2006, show was planned and advertised as "a single, one-time special event." The flyer for the event stated: "Special Event: Once in a Lifetime – Don't You Deserve a Unique Night of Entertainment? Nude Dancing Extravaganza – A Bevy of Beautiful Girls – Erotic and Exotic Dance – Titillating Performances." The plaintiff bases his assertion on the court's determination that "regularly, commonly, habitually, or consistently features" is to be construed to mean "always." Thus, the plaintiff asserts that he did not have to have a "sexually oriented business" license and, therefore, the officers did not have probable cause to stop the show.

The plaintiff further asserts that even if the officers had probable cause, nothing in the ordinance authorized the police to stop the show or to send the patrons home and close the tavern. He contends that even if there was probable cause, the officers would have grounds only to issue a municipal citation. The plaintiff cites no authority for this proposition.

In opposing the motion, the defendants state that there "is no inconsistency or incompatibility in these rulings because the focal point is whether probable cause existed in this case." (Defendants' Response Brief in Opposition to Plaintiff's Motion for Reconsideration at 3). The defendants point out that this is not an obscenity case and that the plaintiff sued the village several months before April 2006, seeking to operate a full-time adult cabaret at his tavern. The defendants also state that the officers are protected by qualified immunity and that the plaintiff has failed to state any meritorious grounds for reconsideration.

- 2 -

Case 2:06-cv-00159-PJG    Filed 01/03/08    Page 2 of 6    Document 114

An ordinance is a prior restraint if it restricts expression before it takes place, rather than imposing penalties on the expression after it occurs. Alexander v. United States, 509 U.S. 544, 550 (1993). "While 'prior restraints are not unconstitutional per se . . . any system of prior restraint . . . comes to this Court bearing a heavy presumption against its constitutional validity.'" FW/PBS, Inc., 493 U.S. at 225 (quoting Southeastern Promotions, Ltd. v. Conrad, 420 U.S. 546, [1975]). The Supreme Court has identified "two evils that will not be tolerated in such schemes." FW/PBS, Inc., 493 U.S. at 225. "First, a scheme that places 'unbridled discretion in the hands of a government official or agency constitutes a prior restraint and may result in censorship.'" Id. at 225-26 (quoting Lakewood v. Plain Dealer Publishing Co., 486 U.S. 750, 757 [1988]). "Second, a prior restraint that fails to place limits on the time within which the decisionmaker must issue the license is impermissible." FW/PBS, Inc., 493 U.S. at 226.

In its October 12, 2007, decision and order, the court held that "probable cause to believe that the adult entertainment show violated the ordinance was all that was necessary to stop the show." (Court's October 12, 2007, Decision and Order at 59). The court then concluded that "the defendants had such probable cause, and, therefore, their stopping of the show was not an unconstitutional prior restraint." Id. Such a conclusion is not incompatible with the court's determination that the ordinance does not apply to occasional sexually explicit performances.

As the court stated in its October 12, 2007, decision and order,

> The undisputed facts further establish that at 7:00 p.m., the Germantown Police Department sent a plainclothes officer to observe the activities inside Diamonds Pub and Grill and to monitor for violations of the tavern's license. The undercover officer observed several dancers go up on stage, take off their shirts and expose their breasts and nipples, collect gratuities, engage in lap dances,

and walk about the room with their breasts exposed. The undercover officer then advised his lieutenant of the ordinance violations which he had observed. The undisputed facts also establish that after the undercover officer reported the activity, officers, led by Captain Snow, entered the tavern and asked patrons to leave due to the fact that the tavern was being shut down.

(October 12, 2007, Decision and Order at 58).

Probable cause to arrest exists "if the totality of the facts and circumstances known to a reasonable arresting officer would support the belief that the suspect has committed or is committing a crime." Driebel v. City of Milwaukee, 298 F.3d 622, 643 (7th Cir. 2002). The existence of probable cause is determined at the time the officers acted. Id. "The court must consider the facts as they would have reasonably appeared to the arresting officer 'seeing what he saw, hearing what he heard' at the time of the incident." Id. (quoting Richardson v. Bonds, 860 F.2d 1427, 1431 [7th Cir. 1988]).

The court determined, based on the undisputed facts, that the officers had "probable cause to believe that the adult entertainment show violated the ordinance." (October 12, 2007, Decision and Order at 59). The court's determination that the ordinance does not apply to occasional sexually explicit performances does not affect what the officers reasonably believed at the time they stopped the show. Accordingly, the plaintiff's motion for reconsideration will be denied.

## **MOTION TO FILE SECOND AMENDED COMPLAINT**

In November, 2006, while this action was pending, defendant Village of Germantown amended § 12.24. The plaintiff asserts that the new ordinance is still unconstitutional in that it fails to cure some of the defects noted in the court's October 12, 2007, Decision and Order. Thus, the plaintiff seeks to file a second supplemental complaint to assert a challenge to the new ordinance.

- 4 -

In response, the defendants assert that the plaintiff has failed to allege a distinct and palpable injury from the November 2006, ordinance. The defendants maintain that all of the plaintiff's pleadings to date allege injuries from the original ordinance and/or § 12.02(7)(i). The defendants further assert that the plaintiff has relinquished his liquor license and has not sought another license. The defendants assert that, because of this, the plaintiff would be unable to receive the injunctive relief sought in the second supplemental complaint.

Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require be freely given.

Foman v. Davis, 371 U.S. 178, 182 (1962). Rule 15(a) "evinces a bias in favor of granting leave to amend" and unless there is a substantial reason to deny leave to amend, "the discretion of the district court is not broad enough to permit denial." Select Creations, Inc. v. Paliafito America, Inc., 830 F.Supp. 1213, 1216 (E.D. Wis. 1993). However, "[a] district court does not abuse its discretion in denying leave to amend if the proposed repleading would be futile." Garcia v. City of Chicago, 24 F.3d 966, 970 (7th Cir. 1994). Rule 15(d) provides that "upon motion of a party" and "upon such terms as are just," supplemental pleadings may be allowed "setting forth transactions and occurrences or events that have happened since the date of the pleading sought to be supplemented."

The plaintiff's motion for leave to file a second supplemental complaint will be granted in part and denied in part. The plaintiff arguably could have suffered damages from the date

- 5 -

of the enactment of the November, 2006, amendment until he relinquished his liquor license. However, the plaintiff's argument regarding damages beyond the date he relinquished his liquor license are too speculative to be permitted to go forward. Thus, the plaintiff's request for monetary damages with respect to the November, 2006, amendment to § 12.24 includes the period from the date of its enactment until the date the plaintiff relinquished his liquor license. Moreover, injunctive relief with respect to the November, 2006, amendment to § 12.24 is not available. Thus, the plaintiff's motion for leave to file a second supplemental complaint with respect to a request for injunctive relief is denied.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for reconsideration be and hereby is **denied**. (Docket # 98).

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file second supplemental complaint be and hereby is **denied in part and granted in part**. (Docket # 104).

Dated at Milwaukee, Wisconsin this 3rd day of January, 2008.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge